The opinion of the Court was delivered by
Dunkin, Ci-i.
The ground of appeal involves the inquiry, whether the surviving co-partner can set-off a private debt due to him. by his deceased partner, against his share of assets collected since the dissolution of the co-partnership. The Chancellor has directed, that for any balance due the deceased at the dissolution, the survivor is entitled to discount; but that the rights of the parties were fixed at the death of the intestate, and cannot be varied by subsequent transactions. This general principle has been repeatedly recognized, and can scarcely be regarded as open for discussion. In the recent case of Morton & Courtnay vs. Caldwell, (3 Strob. Eq. 161,) the Court, in *159 commenting upon the statute of 1789, remark, that “while this statute abolishes preferences among creditors ef equal rank, and virtually entitles each creditor, in case of deficient assets, to a claim on the estate of the deceased debtor, proportioned to his demand, it does not, in terms, settle any point of time, in reference to which the respective demands must be examined, in order to determine the relative proportion of assets liable to their payment.” “ But that still it is a fundamental idea in the statute — a disregard of which must render it’s due administration intolerably perplexing, if not impracticable — that the juncture, for the purpose of such a calculation, is the death of the debtor. It is then the remedy of the creditor ceases as to the person, and is restricted to the effects of the party indebted.” So far is the principle carried, that, if a creditor afterwards receives 50 per cent of his debt from a third party, he is entitled to recover the balance from the assets of the intestate, according to the proportion assigned to his original debt. On the other hand, the amount of assets for distribution cannot be*diminished by any subsequent arrangement, or management, of an unsatisfied creditor. Thus, in Happoldt vs. Jones, Harp. 109, a debtor of the intestate attempted to set-off a note of the intestate to a third person, which had been transferred to the defendant since the intestate’s decease. The Court say, “ the Act expressly provides that no preference shall be given to creditors in equal degree. The debt due by the defendant, was assets. The effect of allowing the whole amount of the discount, is the payment of that entire demand, in exclusion of others, and is in direct opposition to the provisions of the Act.”
At the death of the intestate, Bowers, he was indebted, individually, to the defendant, Thomson, individually, in a certain amount. For the balance, as it thus stood, the defendant was entitled to his proportion of the assets of the intestate. But in the course of the administration, it appeared that, subsequent to the death of the intestate, funds of the co-partnership of Thomson and Bowers had been collected, after the dissolution, by the surviving copartner. The position assumed, is, that *160 Thomson is entitled to appropriate the share of the intestate m these funds to the extinguishment, in full, of the debt due by the intestate, individually, to the defendant, individually. If the intestate’s proportion of this fund constituted assets, the position is untenable, unless the defendant’s condition, as surviving partner, gave him a preference over the Other individual creditors of the intestate. Both will be considered. The principle is as old, at least, as the time of Lord Coke, that co-partners constitute an exception to the rule as to the jus accressendi amongst joint tenants. Co. Litt. 182, a. Though they are joint tenants of all the partnership stock during their lives, there is no survivorship either at law or in equity. Story on Part. § 90. It follows that, upon the decease of one of several partners, his share of the stock and effects of the partnership, subject to the partnership debts, devolves to his personal representatives, who thereupon become, both at law and in equity, tenants in common with the surviving partner. Such is the doctrine of Kent, of Story, and indeed of every elementary writer on the subject. But, as on the decease of one of the partners, the surviving partner stands chargeable with the whole of the partnership debts, he is authorized to take and hold as survivor, for the purpose of administering the co-partnership estate, until the effects are reduced to money, and the debts are paid. When this is done, the surviving partner shall be held to account with the representatives of the deceased, for his just share of the partnership funds. Collyer on Part. § 129. It is very difficult to make these principles more clear. On the death of one of the partners, his share in the concern constitutes assets, subject only to the charge of co-partnership debts. No other debt, except a debt due by the co-partnership, has any preference in relation to the share of the intestate in these funds. The lien which a partner has, is equally well settled and distinctly limited. Each has a specific lien on the partnership stock and effects for moneys advanced by him for the use of the co-partnership, beyond his proportion, and for moneys abstracted by his co-partner, from the co-partnership funds, beyond the amount of his share. In *161 deed, as declared by Lord Hardwicke, nothing can be considered as the share of a partner, but his proportion of the residue, afiel-an account has been taken of what has been paid or advanced, by each partner, in the partnership transactions. The result is, that, according to acknowledged principles, upon the dissolution of a co-partnership by the death of one of the partners, the survivor has, as such, no rights, either in law or equity, except for the collection of co-partnership assets, and the payment of co-partnership debts. That done, he is bound to pay to the representative of the deceased partner his share of the fund, which is liable for distribution among his creditors upon the principles prescribed by law. The partners are declared to have no specific lien except for the purpose of securing, or re-imbursing themselves, for advances made on account of the co-partnership. The survivor has no other lien over the share of his deceased partner. It is not pretended that the debt of the intestate was due to the firm or co-partnership. It was an individual transaction with the defendant. Assuming that the other co-partnership affairs were closed prior to the intestate’s death, the case may be thus simplified. Suppose that, on the decease of the intestate, insolvent, he owed the defendant a private debt of one hundred and fifty dollars, and that in his possession the administrator found a note due to the co-partnership by a third person, of five hundred dollars. As he was bound by law to do, the administrator delivers this note to the defendant, the surviving partner, who collects the money, and then insists on retaining one hundred and fifty dollars from the share of the intestate, in payment of the private debt due to him. If there be any reliance on the principles stated, the administrator had an equal right with the defendant, both in law and equity, to this fund. For convenience, as well as for other reasons before stated, the surviving partner is authorized to collect the note. That done, and the debts due by the co-partnership paid, he is bound, in the language of the authorities, to pay over to the legal representative of the deceased, his just share of the partnership funds. He has no lien upon it for his private debt. His lien, *162 by the authorities, is limited to advances for co-partnership purposes. Upon what principle then, or upon what authority, can he claim to appropriate the share of the intestate to the extin-guishment of his private debt, and thus obtain a preference over other private creditors, and disturb the due course of administration 1 The authorities, from Lord Coke down, declare that the surviving co-partner and the representative of the deceased partner, are to be regarded as tenants in commou of the co-partnership effects. If there were three negroes belonging to the firm, and the debts paid, could the defendant resist the claim of the administrator for partition on account of a private demand which he had against the intestate ? Or, if there were a sale for partition, would his open account exclude the specialty creditors of the intestate ? It is believed that no tenant in common, although in exclusive possession of the common property, has ever been sustained in such a pretension. Upon the whole, the Court is of opinion that the judgment of the Chancellor is sustained by established principles, and the appeal is dismissed.
Dargan and Wardlaw CC. concurred.

Appeal dismissed.